**JOSEPH PAUKMAN**
**ATTORNEY AT LAW**
--------------------------------
**2661 Coney Island Ave #107**
**Brooklyn, NY 11223**
**tel:  (718) 736-4050**
**fax: (484) 307-7973**
**3360066@gmail.com**

May 6, 2020

The Honorable Judge Paul A. Engelmayer
United States District Judge
Southern District of New York
500 Pearl Street.
New York, NY 10007

Re:    United States v. Bronstein et al
**00-cr-100**
===================


**Victim Thompson seeks permission to inform this Court Pursuant to** 18 USC § 3664 (K) **of** f**raudulent concealment by Aron O. Bronstein and counsel, Daniel Steinberg via forged notary and signatures to hide restitution from the victims in this case and this Court to 1) increase Aron O. Bronstein's restitution payments and/or 2) criminal charges against Aron O. Bronstein and his counsel Raquel Vasserman and Daniel Steinberg for willful failure to pay restitution and submission of forged notaries to several Courts and/or 3) ordering vacate the sealing of the records of Aron O. Bronstein below captioned divorce.**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
----------------------------------------------------------------X

ARON BRONSTEIN

INDEX NO. 300919/2017

Plaintiff,

-against-

FAINA BRONSTEIN

Defendant.

----------------------------------------------------------------X

1

Dear Judge Engelmayer;

18 USC § 3664 (K) states A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim.

I am the attorney for the estate of Kenneth Thompson, deceased (this letter is amendment to Docket 113 and refiled per 2/24/20 request of clerk which I noticed today). I have been informed that on March 1, 2016, a Brooklyn Courier Life article was published about Judgment Debtor being the owner of a $15,000,000.00 commercial property in Brighton Beach, states the following;

**BRIGHTON GROCERY BUILDING OWNER SAYS COMMUNITY BOARD MEMBER IS PLAYING POLITICS WITH HIS LIVELIHOOD**

**Bazaar accusation! Local publicly claims politically connected community board member of trying to kill grocery store**

She's got this market cornered!

A Brighton Beach property owner exploded at the leader of a neighborhood business group during Community Board 13's Feb. 24 meeting, publicly accusing the commerce honcho of using her influence to try and shutter his tenants' grocery business as a favor to members of her trade group.

"You're a crook!" property owner Aron Bronstein shouted at community board member and Brighton Beach Business Improvement District director Yelena Makhnin before the board's chairman had him removed from the meeting.

Bronstein owns the Brighton Beach Avenue building housing the Master Theater and the Gourmanoff supermarket. A sliver of the structure — about 10 percent — is actually zoned for residential rather than commercial uses, and Bronstein wants the community board to support his request for a city variance letting the grocery store operate despite the zoning quirk.

Makhnin suggested the board table the ask until tenants finish upgrading a fire-sprinkler system covering the upstairs theater and a ground-floor lobby the venue shares with Gourmanoff.

2

Bronstein contends that Makhnin is obstructing the process because the business improvement district's president owns an adjacent building that houses a competing supermarket. But Makhnin denied political motivation and said she is only interested in making the building safe.

"I don't have any objections to any business or any landlord — the only objection I have is I believe crucial violations and issues such as fire safety should be cleared before any application with the city is cleared," Makhnin said.

Bronstein is upgrading the building's fire system "above and beyond" what law requires, he said. But Fire Department inspectors would not approve the new system during a December inspection — and that's cause enough to wait, Makhnin said.

The board ultimately voted on the proposal, but members didn't render enough affirmative votes, so the motion died, according to officials from Borough President Adams's office that the board had to call in to officiate the contentious tally.

Bronstein's attorney can still ask the city for the variance — but without a letter of approval from the board, the lawyer said.

Approximately a week after the article was published, on or about March 7, 2016, I was in talks with Fred Somers, Georgia attorney for Victim Thompson. Fred Somers then asked me to be attorney of record in this case for the estate of Kenneth M. Thompson, deceased to begin enforcement of Judgment proceedings against Aron O. Bronstein who according to the referenced Courier article owns and controls valuable commercial property In Kings County. Aron O. Bronstein has not made any criminal restitution payments since 2006 (but recommenced only in November 2017, after motions filed by victim Thompson, Aron Bronstein again began making payments),

Aron O. Bronstein runs said property as a corporation, called Oceana Holding Corp., and by forging signatures of his family members (see exhibit C affidavit of expert page 3 line 22 which finds that *"Aron Bronstein did indeed sign the Rosa Bronstein signature .on the questioned document".* This forged verification, by Aron O. Bronstein, was submitted to E.D.N.Y federal District Court by Daniel Steinberg, Esq.

It has been ascertained by Plaintiff's counsel that, Defendant Bronstein obtained a divorce

3

from his spouse and upon information and belief regained control of substantial assets he had previously sequestered under his former spouse's name. It is further known that a significant New York based corporate asset under Bronstein's control has been exchanged for a Florida based asset. Judgment Debtor sold his residence under his former spouse's name.

Aron O. Bronstein fraudulent concealment mislead the US Attorneys' office and Victim Thompson into believing he had no assets. Mr. Bronstein controls check books and signs checks with his father's and mother's name (exhibit E forged signature Checks to Hide Aron O. Bronstein money), (Exhibit F more Aron Bronstein checks under name of his mother, sister and wife). Many of the checks signed by Mr. Bronstein, forging his parents' name, See below signature comparison (you don't need to be a handwriting expert to notice Rosa Bronstein checks dated 6/11/13, 1/1/12 and 9/1/12 are similar to Aron O. Bronstein).

(Street Address)

_____
(Signature of Petitioner)

ROSA   BRONSTEIN
_____
(Print Name)

Aron Bronstein

**M & R BRIGHTON LAND CORP**
161 BRIGHTON 11TH ST STE 8  718-615-2933
BROOKLYN, NY 11235-5366
(718)615-2933

1006

1-7047 2750
01

DATE 9/1/12

PAY TO THE ORDER OF Faina Bronstein _____ $2,000.00/xx

Two Thousand 00/xx _____ DOLLARS

Flushing Savings Bank, FSB
144-51 Northern Boulevard
Flushing, NY 11354

FOR _____

Rosa Bronstein

5

(Exhibit G - compare above to real signature of Rosa Bronstein), (Exhibit H more forgery by Aron O. Bronstein and some forgeries notarized counsel Raquel Vasserman. More evidence of fraudulent concealment is Upon information and belief, Aron O. Bronstein participated in and filed a Kings County Supreme Court probate, index # 2013-2725, with Judgment Debtor forging signature of his mother as the executrix of deceased father's estate (It is relevant to note that the notary, Raquel Vasserman, maintains a law office in 161 Brighton 11th Street, suite 7a, Brooklyn NY, a property owned by Oceana Holding Corp., which Aron O. Bronstein controls and owns under the guise of his mother Rosa Bronstein)  . *See below (one of many forged signatures notarized by Raquel Vasserman and submitted to several Courts by Raquel Vasserman and Daniel Steinberg, Esq).*

6

**COMBINED VERIFICATION, OATH AND DESIGNATION**
[For use when petitioner is an individual]

STATE OF NEW YORK      )
COUNTY OF ___KINGS___   ) ss.:

The undersigned, the petitioner named in the foregoing petition, being duly sworn, says:

1.  VERIFICATION: I have read the foregoing petition subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

2.  OATH OF [X]EXECUTOR  [ ]ADMINISTRATOR c.t.a.  [ ] TRUSTEE  as indicated above: I am over eighteen (18) years of age and a citizen of the United States and I will well, faithfully and honestly discharge the duties of Fiduciary of the goods, chattels and credits of said decedent according to law.  I am not ineligible to receive letters and will duly account for all moneys and other property that will come into my hands.

3.  DESIGNATION OF CLERK FOR SERVICE OF PROCESS: I hereby designate the Clerk of the Surrogate's Court of ___Kings___ County, and his/her successor in office, as a person on whom service of any process, issuing from such Court may be made in like manner and with like effect as if it were served personally upon me, whenever I cannot be found and served within the State of New York after due diligence used.

My domicile is : _70 OCEANA DRIVE WEST, APT. 5H, BROOKLYN, NY 11235_
     (Street Address)      (City/Town/Village)    (State)    (Zip)

_Rosa Bronstein_
(Signature of Petitioner)

_ROSA BRONSTEIN_
   (Print Name)

On _JUNE 17_ _____, 20 _13_____, before me personally came

_ROSA  BRONSTEIN_ _____
to me known to be the person described in and who executed the foregoing instrument.  Such person duly swore to such instrument before me and duly acknowledged that he/she executed the same.

_Raquel Vasserman_
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

RAQUEL MICHAELA VASSERMAN
Notary Public, State of New York
Registration #02VA6037762
Qualified in Kings County
Commission Expires March 28, 2015

Signature of Attorney: _Raquel Vasserman_ _____

Print Name: _RAQUEL VASSERMAN_

Firm Name: _VASSERMAN LAW GROUP, PC_ _____ Tel No. _917-929-7477_

Address of Attorney: _161 Brighton 11th Street, Suite 7A, Brooklyn, NY 11235_

-5-

7

In this regard, forged notary, there is a long history on the part of Aron Bronstein using other family members to conduct business on his behalf.  For example, Aron Bronstein has repeatedly issued and signed checks for Defendant corporations in the name of his mother and father. Judgment Debtr, Aron O. Bronstein opened bank accounts on March 31, 2011, allegedly signed by his father, Michael Bronstein, even though the elder Micheal Bronstein was in a coma at the time. See below

APR-04-2011 12:05 PM BANK OF AMERICA 7186157926                                                21/25

| Name (printed): Michael Bronstein | Signature: Michael BRONSTEIN | Title (if applicable): president |
|---|---|---|

| Street Address: 2640 E. 14TH ST. | City: Bklyn | State: NY | Zip: 11235 |
|---|---|---|---|

| Primary ID (Driver License Picture Required) | Type: DRIVER LICENSE | Number: ~~A~~ | Issued By: Dept. of Motor Vehicles | Expiration Date: 11/11/12 |
|---|---|---|---|---|
| Secondary ID | Type: VISA | Number: (if credit card used for secondary ID only record the issuer's last four digits of the cc number and expiration date.) 7698 | Issued By: (name of issuing institution) Chase | Expiration Date: 1/21/11 |

## NOTARY ACKNOWLEDGEMENT

State of New York                    County of Kings

On March 31, 2011 before me, Michael Bronstein

a Notary Public in and for the State of New York

personally appeared _____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the Instrument.

WITNESS my hand and official seal.

NATALIE SOTNIKOVA
Notary Public, State of New York
No. 01SO6081450
Qualified in Kings County
Commission Expires 10/07/__

Signature _____

Attach the completed form to the signature card then forward to the appropriate Account Records area.

*The Signature card MUST also be signed.

*Washington & Idaho must attach to signature card and file in accordance with procedure.

9

Another example is the above said strategic divorce which this Court should unseal. Aron Bronstein, with the assistance of his family members, has continued to fraudulently conceal assets and income through a number of businesses in which he plainly has a direct economic and controlling interest (Exhibit A & B).

Victim Kenneth Thompson, an 82-year-old, Korean War veteran who died of heart failure, a few months after losing his life savings to a New York stockbrokerage firm run by Aron O. Bronstein. Aron O. Bronstein's stock brokerage firm and OCEANA HOLDING CORP respectively worked and work out of 1029 Brighton Beach Ave, Brooklyn. This property is owned by Oceana and was used to defraud Kenneth Thompson of his life savings. Oceana Holding Corp. owns, leases and manages real estate. Judgment Debtor's stock brokerage firm was located inside Oceana property at 1029 Brighton Beach Ave, Brooklyn Oceana Holding Corp. provided an address needed for Aron O. Bronstein to run his fraud against Kenneth Thompson. This housing allowed Aron O. Bronstein to defraud Kenneth Thompson out of his life savings. Aron O. Bronstein also had an address in Manhattan.

After my client invested over 3 million dollars with Judgment Debtor, Judgment Debtor bought a home in New Jersey, valued at over 3 million dollars.The Property was on 14 Chapel Court, Alpine NJ, acquired June 18, 1999, upon information and belief with the money stolen from my client and sold on January 31, 2001 for $3,238,000.00.Under the restitution order of S.D.N.Y federal District Court Aron O. Bronstein should have deposited the $3,238,000.00 into the victim's restitution fund. However, there is no record the $3,238,000was given back to the victims. On March 2004, Aron O. Bronstein was released from prison and coincidently, the same month the mortgage for Oceana Holding Corp property that Aron O. Bronstein now runs was satisfied on March 22, 2004.Upon information and belief, above the $3,238,000.00 obtained

from the sale of Bronstein's Alpine house was used to pay off the Oceana mortgage which coincidently was paid off 2 days after Judgment Debtor was released from prison in March 2004.Fraudulent concealment of Aron O. Bronstein misled the US Attorneys' office and Plaintiff (victim Thompson) into believing Judgment Debtor had no assets and allowed Judgment Debtor to submit inaccurate income verification documents to the US attorney's office. Judgment Debtor owns and controls check books and signs checks with his father's and mother's name.

*Many checks signed by Judgment Debtor on Oceana bank accounts, forging his parents' name were issued to Judgment Debtor, Aron O. Bronstein, However, Bronstein wasn't issued K-1's, 1099s or W-2's by Oceana but still received funds from Oceana.*


**Forged notary and affidavit in retaliation lawsuit by Aron O. Bronstein was willful failure to pay restitution.**

18 U.S. Code § 401. Power of court

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
**(1)** Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
**(2)** Misbehavior of any of its officers in their official transactions;
**(3)** Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.
(June 25, 1948, ch. 645, 62 Stat. 701; Pub. L. 107–273, div. B, title III, § 3002(a)(1), Nov. 2, 2002, 116 Stat. 1805.)

On April 19, 2016 Oceana Holding Corp. and its counsel filed a frivolous Kings county action against me which they discontinued prosecution when it was uncovered that affidavits in that case were also notarized forgeries, falsely notarized by Raquel Vasserman and include Aron O. Bronstein forging his Mother's signature.

11

Oceana Holding Corp. discontinued prosecution of the retaliatory action February 6, 2017 when it was learned that the *Oceana Holding Corp. v Joseph Paukman* action was verified with Judgment Debtor forging his mother's signature. *Oceana Holding Corp. v Joseph Paukman* retaliatory lawsuit is another example of willful failure to pay restitution by Aron O. Bronstein.

Aron O. Bronstein has a history of using his Oceana to commence frivolous and harassing actions against others, including Plaintiff's counsel by virtue of a Summons and Complaint filed in the Supreme Court of the State of New York, County of Kings. Examples include;

> *Oceana Holding Corp. v. Marat Novikov et al,* under index number 507975/2014. That action seeks to hold Marat Novikov and his children liable for alleged defamatory statements made to third parties; for alleged trespass to Oceana, a corporation in which Marat Novikov has a proprietary interest; together with other causes of action, personal to Aron O. Bronstein, which have no basis in law or fact, all of which are wrongly claimed in the name of Oceana.

> *Oceana Holding Corp. v. Anton Krilloff,* under Kings County Supreme Court index number 502652/2016. That action seeks to hold Anton Krilloff liable for alleged defamatory statements made to third parties; for alleged malicious prosecution of a Kings County Small Claims Court case, under index number 65038/2014. This lawsuit was commenced in response to a Judgment Anton Krilloff holds against Oceana Holding Corp. and Oceana Caterers, a company owned by Aron O. Bronstein's wife Exhibit D email Aron will not let little kids have a bathroom).

Victim Thompson's action is in good faith to expose a possible if not likely conspiracy to provide forged documents, signatures and notaries to New York State and federal Courts by Defendants. By aiding and abetting Aron Bronstein to forge signatures Daniel Steinberg and Raquel Vasserman have obstructed Plaintiff from collecting a multimillion dollar against Judgment Debtor and has obstructed justice by aiding and abetting hiding of Judgment Debtor's Income and/or assets from the Southern District of New York, United States Attorney office.

On July 27, 2016 I sent below email to Defendant's counsel

From: Joseph Paukman <joe94102@yahoo.com>
To: Raquel Vasserman <rvasserman@kovalaw.com>
Date: Wednesday, July 27, 2016, 7:28 PM -0400
Subject: Safe harbor Rule 11 Rosa Bronsteinss affidavits

Upon examination of Rosa Bronsteins signature on motions you notarized and filed in 2 Supreme Court and 1 Federal court cases

I am of the opinion that these are not Rosas signatures and look more like signatures of her son Aron O Bronstein.

Please withdraw these forged affidavits. In alternative I will bring this matter to the courts attention

Thank you Joseph Paukman

Sent from my iPhone

Raquel Vasserman, Esq. and Daniel Steinberg, Esq. in response to above email allegations of forgery stopped submitting affidavits altogether, Victim Kenneth Thompson seeks to submit handwriting expert, Wendy Carlson's affidavit. The Carlson affidavit goes to the issue of fraudulent concealment. It further points to the need for a criminal proceeding against Steinberg and Vasserman.

13

To add insult to forged affidavits Oceana Holding Corp Counsel, Daniel Steinberg, has submitted a 29 count motion for contempt and to report me to the grievance committee as a Red Herring to distract from forged notaries and verifications submitted by Aron O. Bronstein and counsel Steinberg. The Contempt motion was denied and Daniel Steinberg filed a motion to renew contempt. Mr. Steinberg's unwarranted accusations of contempt are being offered as a "Red Herring" and a desperate attempt to deflect a serious issue of submission of forgery by Aron O. Bronstein and counsel Steinberg to several New York state and Federal Courts.

Daniel Steinberg falsely feigns ignorance and his attempts to report Plaintiff's counsel to the Grievance Committee attempts to drown the truth that Aron O. Bronstein runs a multimillion dollar property as a corporation by forging signatures of his mother to avoid paying restitution to his victims. See below, you need not be a handwriting expert to realize that Aron O. Bronstein is paying Counsel Steinberg's and Counsel Vasserman's attorney fees (If this Court so orders I will produce checks paid by Aron O. Bronstein to his counsel), see below comparison of Rosa Bronstein signature to Aron O. Bronstein affidavits where Aron O. Bronstein admits forging his father's signature and hints at being a corporate landlord.

14

(4) As an example, in the course of one of Petitioner's examinations of the corporate books she found that certain Con Ed bills had been paid erroneously from the building account for another property. The error was immediately corrected, the account reimbursed and the Petitioner notified.

(5) Petitioner feigns surprise that I was paying corporate bills in my father's name during his illness. Petitioner knew and consented to this practice. During my father's illness my family and I managed the building without disruption in the hope that my father would soon return.

(6) In December 2010 the Petitioner herself requested and accepted a corporate check in my father's name for a $25,000 distribution issued by myself.

(7) Petitioner alleges that the corporation omitted "scheduled" distributions. This is also false. There is no corporate "schedule" for the distribution of dividends which are made periodically when circumstances permit.

WHEREFORE it is respectfully requested that the Court grant this motion to dismiss or stay these proceedings.

Sworn to before me this
this 29ᵗʰ day of June 2011                                   ARON BRONSTEIN

Notary Public

RAQUEL MICHAELA VASSERMAN
Notary Public, State of New York
Registration #02VA6237702
Qualified in Kings County
Commission Expires March 28, 2015

2

are a function of myriad factors such as cash flow, creditors, non-payment of rent etc. - all factors which are inherent in the operation of a business. Actual distributions generally do not match the K-1 report which determines income tax.

(6) The speculative and generalized allegations that certain leases in the corporate property are below market value are also completely false. All leases in the building are at market rentals or better.

(7) The economy is in recession and landlords all over NYC are re-negotiating leases so as not to have vacancies. We have not yet had to do so although we do have two vacant offices for which we are seeking tenants. The rental market is in flux and we always obtain open and above board fair market rentals in the building and will continue to do so.

ARON BRONSTEIN

Sworn to before me this
this 20 day of January 2010

NATALIE SOTNIKOVA
Notary Public, State of New York
No. 01SO6081450
Qualified in Kings County
Commission Expires 10/07/10

Exhibit A & B alleging unreasonable compensation to Aron O. Bronstein who has made no criminal restitution payments since 2006 - but recommenced only in November 2017, after motion filed by Plaintiff-appellant, Aron Bronstein makes $800 monthly payments),

**Criminal Charges against Counsel Steinberg and Vasserman for falsification (Exhibit I article).**

In an effort to appease, Aron O. Bronstein, Daniel Steinberg and Raquel Vasserman have falsely notarized and/or submitted 6 forged affidavits and/or verifications to Kings County Probate, Kings County Supreme Court and EDNY federal District Court, similar to attorney Wymetalek who submitted forgeries to appease his client, David Schwartz, see in Exhibit I internet article. Same as Wymetalek, charges should be bought against Daniel Steinberg and Raquel Vasserman for being puppets to Aron O. Bronstein who upon information and belief has paid both lawyers over six figures, money that could have been paid to the victims in this case.

Counsel's aiding and abetting forgery is not a victimless crime as this forgery has obstructed Plaintiff from collecting a judgment. Courts often describe the litigation process as having a truth-seeking function. An obstacle to truth seeking has reared its ugly head. Opposing counsel's forged notaries and affidavits intentional and designed to subvert the truth-seeking function of Aton O. Bronstein's assets.

Opposing counsel's Falsification is a serious problem, for two reasons. First it had an enormously detrimental impact on the litigation process where this Court, among others were

deceived to believe that Defendants were signing Court documents, in reality Judgment Debtor has been forging his family's signature and upon information and belief, Aron O. Bronstein is paying the legal bills for Daniel Steinberg and Raquel Vasserman.

Most obviously, undetected falsification can lead directly to incorrect results. In criminal cases, innocent people can be imprisoned or criminals can go unpunished. And in civil cases, large sums of money or important legal rights can be undeservedly lost or won. For example, Counsel's forged notary has abetted in hiding Judgment Debtor's income stream from the Plaintiff.

But falsification has other deleterious effects. Where one side of a dispute suspects the other of engaging in falsification, it results in litigation that is much more expensive and time-consuming for Plaintiff, such as Vioctim Thompson's subpoenas of forged checks, affidavits and forged notaries.

Counsel's falsification adds a fact intensive issue (e.g., if the signatures and affidavits are forgeries) that can require additional discovery, expenses for various types of forensic experts, and increased Court time and an undue burden on the Court's facilities. In addition, counsel's falsification erodes public respect for the judicial system: to the extent that the public believes falsification is common, it will distrust the results reached by the judicial system and will lose faith in Courts as reliable sources of justice.

The seriousness of Counsel's falsification is reflected both by the numerous remedies that courts have developed to address it (many of which will be discussed below) and also by the legislative response. Falsification is a serious crime in most, if not all, jurisdictions. Various specific types of falsification violate federal criminal laws. See, e.g., 18 U.S.C. § 1621 (perjury punishable by up to five years' imprisonment); 18 U.S.C. § 1519 (knowing falsification or

destruction of documents or other tangible objects punishableby up to 20 years' imprisonment);

18 U.S.C. § 1520 (destruction of certain corporate audit records punishable by up to 10 years of

imprisonment). And knowing destruction or falsification of documents in an attemptto influence

the outcome of a judicial proceeding also violates the general "obstruction of justice" law. 18

U.S.C. § 1503. See, e.g., U.S. v. Craft, 105 F.3d 1123, 1128 (6th Cir.1997) ("Acts that distort the

evidence to be presented or otherwise impede the administration of justice are violations of 18

U.S.C. § 1503. The act of altering or fabricating documents used or to be used in a judicial

proceeding would fall within the obstruction of justice statute if the intent is to deceive the

court."). All states have similar laws.


**Counsel Steinberg and Vasserman are paid by Aron O. Bronstein to submit forged**

**documents and should be liable for Aron O. Bronstein restitution.**


Courts have long recognized their own inherent power to protect themselves and other

parties from various forms of bad faith litigation, including the falsification of evidence. As the

Supreme Court emphasized in HazelAtlas Glass Co. v. Hartford-Empire Co., this inherent power

is a crucial mechanism for protecting the integrity of the judicial process: [T]ampering with the

administration of justice in the manner indisputably shown here involves far more than an injury

to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public,

institutions in which fraud cannot complacently be tolerated consistently with the good order of

society. . . . The public welfare demands that the agencies of public justice be not so impotent

that they must always be mute and helpless victims of deception and fraud. The inherent power

to "fashion appropriate sanction[s] for conduct which abuses the judicial process" was reaffirmed

19

by the Supreme Court in Chambers v. NASCO, Inc.501 U.S. 32, 44 (1991). Where falsification

occurs in the midst of ongoing judicial proceedings, and is specifically directed at affecting those

proceedings, it often is termed "fraud on the court." A court, as an exercise of this inherent

authority, may sanction fraud on the court through dismissal (if the falsifier is the plaintiff) or

default (if the falsifier is the defendant).Some examples are; Pope v. Fed. Express Corp., 974

F.2d 982, 984 (8th Cir. 1992) (affirming sanction of dismissal for plaintiff's forgery of, and

reliance on, a single document); Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989)

(affirming dismissal where plaintiff concocted a single document).

As the Supreme Court recognized in Chambers, once a party sets out on a course of bad

faith litigation, it taints the entire litigation, and the court may vindicate itself by requiring the

bad faith litigator to pay all of its opponent's attorney fees and expenses. 501 U.S. at 56–57; see

also Synanon Found., Inc. v. Bernstein, 517 A.2d 28, 43 (D.C. 1986) (once a party embarks on a

"pattern of fraud," and "[r]egardless of the relevance of these [fraudulent] materials to the

substantive legal issue in the case," this is enough to "completely taint [the party's] entire

litigation strategy from the date on which the abuse actually began").


**Counsel Steinberg and Vasserman cannot be trusted**

Throughout my collection of restitution counsel Steinberg has been casting aspersions,

calling me a liar. Liar is on the part of Mr. Steinberg complicit in the falsifications mentioned

and the forged signature lawsuit against Plaintiff's Counsel titled *Oceana Holding Corp. v

Joseph Paukman.*

An oft-quoted passage from one of the leading evidence treatises explains: It has always

been understood—the inference, indeed is one of the simplest in human experience—that a

party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication

or suppression of evidence by bribery or spoliation, and all similar conduct is receivable against

him as an indication of his consciousness that his case is a weak or unfounded one; and from that

consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference

thus does not necessarily apply to any specific fact in the cause, but operates, indefinitely though

strongly, against the whole mass of alleged facts constituting his cause. J. WIGMORE,

EVIDENCES § 278, at 133 (Chadbourn ed. 1979).


**WHEREFORE** this Court to 1) increase Aron O. Bronstein's restitution payments

and/or 2) criminal charges against Aron O. Bronstein and counsel Steunberg and Vasserman for

willful failure and submission of forged notaries to several Courts and/or 3) ordering vacate the

sealing of the records of Aron O. Bronstein above captioned divorce.


.

Very truly yours,
_____ /s/ Joseph Paukman_____
Joseph Paukman

Cc: Nicholas.Chiuchiolo@usdoj.gov.
 Douglas E. Grover
Jolene LaVigne-Albert
Attorneys for the Defendant Aron Bronstein


21